IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cv-811-ECM-JTA |
| | ) | (WO) |
| REHABILITATION HOSPITAL OF | ) | |
| PHENIX CITY AL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court[1] are the following documents filed by Plaintiff Angela Williams:
her complaint (Doc. No. 1), the Information of the Pro Se Party for Participation in the Pro
Se Assistance Program ("PSAP") (Doc. No. 6), and the Declaration of the Pro Se Party to
Participate in the Pro Se Assistance Program (Doc. No. 7). The court CONSTRUES the
Information and the Declaration as each containing a motion for PSAP assistance with
drafting an amended complaint and will grant the motions. Further, for the reasons stated
below, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court concludes Williams's complaint
(Doc. No. 1) fails to state a claim upon which relief can be granted and orders her to file
an amended complaint with a PSAP volunteer's assistance.

### I.   DISCUSSION

Because Williams is proceeding *in forma pauperis*, the court must review her

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned United States Magistrate
Judge for further proceedings and determination or recommendation as may be appropriate. (Doc.
No. 5.)

pleading(s) under 28 U.S.C. § 1915(e)(2)(B).[2] Under that statute, the court is required to dismiss a complaint if it determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the complaint contains deficiencies that must be remedied before this case can proceed.

Under the Federal Rules of Civil Procedure, a complaint fails to state a claim upon which relief can be granted unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

In her complaint, Plaintiff alleges she was subjected to discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Title VII prohibits employment discrimination "because of . . . race, color,

---

[2] By separate order, the court granted Williams's motion for leave to proceed *in forma pauperis*. (Doc. No. 8.)

religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It also prohibits retaliation against employees for opposing, supporting, or making a charge of discrimination because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a). Plaintiff alleges her employer discriminated against her by failing to accommodate her disability,[3] failing to promote her, and terminating her employment. However, she fails to allege sufficient specific facts to show Defendants subjected her to discrimination and retaliation. For example, she does not explain how each Defendant was involved in discriminatory conduct or what facts support the conclusion each Defendant acted with a discriminatory or retaliatory motive.

Accordingly, Williams's complaint, as it currently stands, does not state a claim upon which relief can be granted. Because she is entitled to an opportunity to amend before dismissal for failure to state a claim, she must amend her complaint in compliance with this order or face dismissal of this case. *See Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020).

## II.   CONCLUSION

Accordingly, it is ORDERED as follows:

1.   Plaintiff's motions for PSAP assistance with drafting an amended complaint (Docs. No. 6, 7) are GRANTED.

2.   The court hereby APPOINTS Attorney Lisa Harden for the LIMITED PURPOSE of assisting Plaintiff in drafting an amended complaint. Attorney

---

[3] Unlike the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, and other statutes, Title VII does not protect against disability discrimination.

Harden shall timely contact Plaintiff to arrange for the necessary assistance.

3. Plaintiff is ADVISED to read the PSAP information available on court's website, https://www.almd.uscourts.gov/representing-yourself/pro-se-assistance-program, to review the nature and scope of assistance available from PSAP regarding the amendment of a complaint.

4. On or before **May 20, 2026**, Williams must file an amended complaint in compliance with the following requirements:

    a. To the extent possible, correctly names Defendant(s).

    b. Sets out a short, plain statement of the facts on which she bases her claims. The amended complaint must specifically describe how Defendants acted, or failed to act, in a manner that harmed her.

    c. Presents a short and plain statement of each claim showing she is entitled to relief and "give[s] [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each legal claim. To the extent practicable, and for further clarity, she should also state when the alleged violations occurred.

**Williams is advised that failure to timely file an amended complaint in compliance with this Order may constitute grounds for dismissal for failure to comply**

**with the court's orders. Such dismissal may be with or without prejudice. Williams is further advised that her amended complaint will be subject to 28 U.S.C. § 1915(e)(2)(B) review.**

The Clerk of Court is DIRECTED to serve Williams with a copy of this Order by regular mail and by certified mail, return receipt requested.

DONE this 13th day of April, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE